# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **PENNY ALVAREZ, MICHAEL COLLAZO and DEVIN HARRIS individually and on behalf of all persons similarly situated,** | : : : | **Civil Action No.:** |
| | : | **Complaint — Collective Action** |
| **Plaintiffs,** | : : | **Jury Trial Demanded** |
| | : | |
| **v.** | : | |
| | : | |
| **MFK, LLC d.b.a. MOBILELINK, MOBILELINK, LLC, MOBILELINK VIRGINIA, LLC, MOBILELINK TENNESSEE, LLC and MOBILELINK WEST VIRGINIA, LLC,** | : : : | |
| **Defendants.** | | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Penny Alvarez, Michael Collazo and Devin Harris ("Plaintiffs"), through their undersigned counsel, individually, and on behalf of all persons similarly situated, file this Collective Action Complaint ("Complaint") against Defendants MFK, LLC d.b.a. Mobilelink, Mobilelink, LLC, Mobilelink Virginia, LLC, Mobilelink Tennessee, LLC and Mobilelink West Virginia, LLC., seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. MFK, LLC d.b.a. Mobilelink, and Mobilelink, LLC are collectively referred to herein as "Mobilelink USA." Mobilelink Virginia, LLC, Mobilelink Tennessee, LLC and Mobilelink West Virginia, LLC, together with other retail stores, are collectively referred to as "Mobilelink Retailers." All Defendants are collectively referred to as "Mobilelink" or "Defendants."

Plaintiffs assert their FLSA claims as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

## INTRODUCTION

1.      Mobilelink USA operates over 550 retail store locations across the United States, including Texas.  http://mobilelinkusa.com.

2.      Mobilelink USA is the largest authorized Cricket Wireless retailer in the country. http://mobilelinkusa.com.

3.      Mobilelink USA has utilized a network of local retailers, such as Mobilelink Virginia, LLC, Mobilelink Tennessee, LLC and Mobilelink West Virginia, LLC, to expand its operations across the United States.  However, Mobilelink USA maintains supervision, control and authority over the Mobilelink Retailers, including creating and implementing the payroll scheme at issue herein.

4.      Defendants failed to properly calculate and pay their hourly Solution Specialists, Retail Assistant Store Managers ("RASM"), Managers in Training, and Retail Store Managers ("RSM") overtime wages. Solution Specialists, Retail Assistant Store Managers, Managers in Training, and Retail Store Managers are collectively referred to herein as "Sales Personnel" and/or "Collective Members."  Specifically, Defendants failed to include commissions in the calculation the employees' regular hourly rates for overtime pay.

## JURISDICTION AND VENUE

5.       Plaintiffs' FLSA claims arise under 29 U.S.C. § 216(b) which vests the Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6.       Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  Defendants reside and conduct business in this judicial District and Division, and a substantial part of the events giving rise to Plaintiffs' and the Collective Members' claims occurred within this judicial District and Division.

## PARTIES

7.      Plaintiff Penny Alvarez ("Plaintiff Alvarez") is a citizen of Tennessee and resides in Memphis, Tennessee.  Plaintiff Alvarez worked for Mobilelink USA and Mobilelink Tennessee, LLC in Tennessee from approximately 2019 to 2021.  Plaintiff Alvarez was Retail Store Manager.  For a period of time, Plaintiff Alvarez was paid an hourly rate plus commissions at all pertinent times.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Alvarez has consented to be a plaintiff in this action.  *See* Ex. A.

8.      Plaintiff Devin Harris ("Plaintiff Harris") is a citizen of Texas and resides in Texarkana, Texas.  Plaintiff Alvarez worked for Mobilelink USA and Mobilelink West Virginia, LLC from approximately 2018 to April, 2021.  Plaintiff Harris started as a Solution Specialist and was eventually promoted to Retail Assistant Store Manager and then Retail Store Manager.  He was paid an hourly rate plus commissions at all pertinent times.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Harris has consented to be a plaintiff in this action. *See* Ex. B.

9.      Plaintiff Michael Collazo ("Plaintiff Collazo") is a citizen of Virginia and resides in Stephens City, Virginia.  Plaintiff worked for Mobilelink USA and Mobilelink Virginia, LLC from approximately 2018 to 2020 as a Retail Store Manager.   He was paid an hourly rate plus commissions.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Collazo has consented to be a plaintiff in this action. *See* Ex. C.

10.     Defendant MFK, LLC is a Texas limited liability company and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant MFK, LLC operates over 550 retail establishments across the United States including Texas, West Virginia, Tennessee and Virginia such as Mobilelink Tennessee, LLC, Mobilelink West Virginia LLC and Mobilelink Virginia, LLC.  Defendant MFK, LLC conducts business as Mobilelink.  Defendant

MFK, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

11.     Defendant Mobilelink, LLC is an Illinois limited liability company and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink, LLC operates over 550 local retail establishments across the United States including Texas, West Virginia, Tennessee and Virginia such as Mobilelink Tennessee, LLC, Mobilelink West Virginia LLC and Mobilelink Virginia, LLC.  Defendant Mobilelink, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 901 S. 2nd Street, Suite 201, Springfield, Illinois 62704.

12.     Defendant Mobilelink Tennessee, LLC is a Tennessee limited liability company, and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink Tennessee, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 1585 Mallory Lane, Suite 104, Brentwood, Tennessee 37027.

13.     Defendant Mobilelink West Virginia, LLC is a West Virginia limited liability company, and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink West Virginia, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 5098 Washington Street West, Suite 407, Charleston, West Virginia 25313.

14.     Defendant Mobilelink Virginia, LLC is a Virginia limited liability company, and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink Virginia, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 7288 Hanover Green Drive, Mechanicsville, Virginia 23111.

15.     During times relevant, Defendants acted as joint employers with respect to the hourly Sales Personnel.

16.     Plaintiffs and the Collective Members were hired by the Defendants as Sales Personnel to perform sales and other related duties.

17.     The unlawful acts alleged in this Complaint were committed by Defendants and/or their officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of Defendants.

18.     During times relevant, Plaintiffs were employees of Defendants and are covered by the FLSA.

19.     During all times relevant, Defendants are employers and/or enterprises covered by the FLSA.

## COLLECTIVE DEFINITION

20.     Plaintiffs bring this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and the following FLSA Collective:

> All current and former hourly Solution Specialists, Retail Assistant Store Managers, Managers in Training, and Retail Store Managers employed by Mobilelink in the United States, who worked in excess of forty (40) hours in a workweek within the last three (3) years, and whose commissions were not included in calculating their regular hourly rate for purposes of overtime pay.

21.     Plaintiffs reserve the right to redefine the Collective prior to notice or class certification, and thereafter, as may be warranted or necessary.

## FACTS

### Defendants Are Joint Employers

22.     Mobilelink USA was originally founded in Houston, Texas by Furqan Ken Khan, Salmen Khan and Yousuf Meghani.  https://mobilelinkusa.com/.

5

23.     Mobilelink USA operates nationwide and is the country's largest Cricket Wireless authorized-dealer, operating over 550 stores across the United States. https://mobilelinkusa.com/.

24.     Mobilelink USA created various entities, such as the Mobilelink Retailers, to operate local retail stores which generally employ Sales Personnel.

25.     Defendant Mobilelink USA, and its local and regional retail stores, are in the business of selling Cricket Wireless cellular devices and service plans across the United States.

26.     Defendant Mobilelink USA provides its local and regional retail stores, including the Mobilelink Retailers, with Mobilelink-branded and/or Mobilelink USA-branded materials, including uniforms, badges, scanning devices, point-of-sales equipment, signage, and other services.

27.     Mobilelink USA relies on its local and regional retail stores, such as the Mobilelink Retailers, for the essential services of selling wireless devices and service plans for Cricket Wireless, yet Mobilelink USA attempts to shield itself from liability by utilizing thinly capitalized companies, such as the Mobilelink Retailers, to provide the employees to sell the goods.

28.     The Mobilelink Retailers operate pursuant to Mobilelink USA's corporate policies and procedures, including the payroll and structure for Sales Personnel.

29.     Mobilelink USA and the Mobilelink Retailers are headquartered at a common location at 12501 Reed Road, Sugarland, Texas 77478.

30.     Sales Personnel who are/were directly employed by Mobilelink Retailers are engaged to fulfill Mobilelink USA's nationwide corporate purpose of selling Cricket Wireless cellular devices and plans.

31.     The Mobilelink Retailers' association with Mobilelink USA, and the employ of Sales Personnel by Mobilelink Retailers, are the very reason why Mobilelink USA proclaims it is

"the largest authorized retailer for Cricket Wireless."  https://mobilelinkusa.com/.

32.     Mobilelink USA and the Mobilelink Retailers, such as Mobilelink Virginia, LLC, Mobilelink Tennessee, LLC and Mobilelink West Virginia, LLC, utilize Sales Personnel, such as Plaintiffs, to meet Mobilelink USA's nationwide retail needs.

33.     At all relevant times, Mobilelink USA has been affiliated with, and/or operating the Mobilelink Retailers, with respect to Plaintiffs and other similarly situated employees such that Mobilelink USA and the Mobilelink Retailers, are the "joint employers" of Plaintiffs and other similarly situated employees.

34.     The Mobilelink Retailers are given access to and are required to use Mobilelink USA's technology and retail structure.

35.     While the Mobilelink Retailers pay the Sales Personnel, Mobilelink USA has both influence and control over how Sales Personnel are paid.

36.     Mobilelink USA supervises and controls the work activities, work schedules, conditions and management of Sales Personnel, such as the Plaintiffs.

37.     Sales Personnel are required to undergo on-the-job training in order to ensure that they adhere and conform to Mobilelink USA's standards and policies.

38.     On information and belief, Mobilelink USA direct employees have the authority to discipline Sales Personnel for violations of their policies and procedures.

39.     If a Solution Specialist, Retail Assistant Store Manager, Manager in Training, and Retail Store Manager fails to meet Mobilelink USA's expectations, they can be terminated by both Mobilelink USA and Mobilelink Retailer personnel.

40.     Although Mobilelink USA does not directly pay Sales Personnel, its policies and practices regarding retail sales goals and commissions and other pay structures dictated the

Mobilelink Retailers' ability to pay the Sales Personnel for overtime work.

41.     Sales Personnel are/were required to use Mobilelink USA provided sales material and retail sales equipment.  The retail sales equipment allowed Mobilelink USA to track sales by Sales Personnel.

42.     Mobilelink USA controls what and how retail merchandise is presented to customers.

43.     Throughout their employment with Defendants, Sales Personnel are required to comply with Mobilelink USA's operational procedures and in meeting Mobilelink USA's work expectations.

44.     The nature of the work performed by Sales Personnel is similar and standardized at each of the retail locations where the Mobilelink Retailers conduct sales of cellular devices and plans, as the nature of the work is centrally controlled and directed by both Mobilelink Retailers and Mobilelink USA.

45.     Plaintiffs and other Sales Personnel were required to use Mobilelink USA's log-in credentials which tracked and calculated sales and other retail activity, which ultimately, dictated the commissions earned by Sales Personnel.

46.     Plaintiffs and other Sales Personnel are provided with and must follow Mobilelink USA's Team Handbook which contains comprehensive workplace policies and procedures, payroll and time policies, employment classifications, attendance and leave policies, work performance guidelines, disciplinary process, health and safety, employee benefits and termination procedures, all of which are maintained and implemented by Mobilelink USA.

47.     Defendants jointly created, implemented, maintained and enforced the payroll practice sued upon herein of failing to include Sales Personnel's commissions in the calculation the

employees' regular hourly rates for purposes of overtime pay.

48.     Plaintiffs and the Collective Members were regularly scheduled to work more than forty (40) hours in a workweek.

49.     Mobilelink USA and the Mobilelink Retailers maintain Plaintiffs' and the Collective Members' employment records.

50.     Mobilelink USA set the hourly rates for Plaintiffs and the Collective Members, and the sets the criteria for commissions.

51.     Defendants were all aware that Plaintiffs and the Collective Members routinely worked more than forty (40) hours a week through Mobilelink USA software that tracked Sales Personnel's hours of work and by use of a third-party payroll provider that was used by all Defendants.

52.     Plaintiffs observed that other Sales Personnel routinely worked similar hours.

53.     Plaintiffs observed other Sales Personnel work similar schedules and performed similar duties.  Defendants were not only aware of and permitted this practice, but the work schedules and conditions imposed by Defendants effectively required this practice.

54.     Plaintiffs and other Sales Personnel or couriers are non-exempt for overtime purposes.

### Defendants Failed to Pay Sales Personnel Properly

55.     Plaintiffs and the Collective Members regularly worked more than forty (40) hours per week.

56.     Plaintiffs and the Collective Members were hired by Defendants as Sales Personnel to perform sales and other related duties inside Defendants' retail stores.

57.     Plaintiffs and the Collective Members were paid on an hourly basis at an hourly rate and also received a percentage of their sales as a commission. The commission rate was predetermined based upon a tiered percentage of sales. The commission wages at issue in this litigation were non-discretionary on the part of Defendants.

58.     Plaintiffs and the Collective Members were non-exempt employees of the Defendants. The FLSA requires that Plaintiffs and Collective Members be paid overtime for all hours worked in excess of forty (40) hours per week at a rate of one and one-half times their regular rate of pay.  Moreover, the FLSA requires Defendants to pay Plaintiffs and the Collective Members at one and one-half times their regular rate of wage, which must include all commissions earned during a work-week.

59.     Defendants failed to include Plaintiffs and the Collective Members commissions earned during the workweek in calculating overtime pay.

60.     Defendant tracked Plaintiffs' and the Collective Members' commissions earned but failed to include the earnings in the calculation of regular rates of pay in violation of 29 C.F.R. § 778.117.

61.     Defendants' illegal pay scheme was a nationwide payroll practice, implemented and executed by Mobilelink USA.

### Defendants' Actions Were Willful

62.     Defendants' actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

63.     Even though the FLSA requires inclusion of all commissions in the calculation of an employee's regular rate of pay for overtime purposes, Defendants failed to include the commission earnings.

64.     Defendants knew or, absent their own recklessness, should have known, that Sales Personnel were entitled to overtime pay for all commissions.

65.     Defendants have failed to pay Plaintiffs and the Collective Members all overtime compensation owed because of Defendants' systemic corporate pay structure.

66.     By failing to pay all the overtime compensation owed to Plaintiffs and the Collective Members, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

67.     Defendants have not made good faith efforts to comply with the FLSA.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

68.     Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs.

69.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

70.     Plaintiffs seek to pursue their FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

71.     Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), for purposes of notice because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid for all overtime wages owed.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

72.     Whether Defendants are joint employers and whether Defendants' failure to include commissions in Plaintiffs' and the Collective Members' regular rate when calculating overtime pay in accordance with Defendants' uniform company payroll policy are threshold legal issues

11

which can be determined for Plaintiffs and the Collective Members using representative testimony in a collective action.

73.     Defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

74.     There are questions of fact and law common to the class, including whether Defendants are joint employers under the FLSA and whether Defendants failed to pay legally required overtime wages as required by the FLSA to individuals employed as sales personnel.

75.     At all times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). Additionally, Plaintiffs and those similarly situated were engaged in interstate commerce during their employment with Defendant.  Plaintiffs and those similarly situated regularly and customarily used computer systems and other equipment that were produced in interstate commerce. Additionally, Plaintiffs and those similarly situated regularly sold cell phones and other related merchandise that was produced in interstate commerce.

76.     On information and belief, Mobilelink USA operates hundreds of retail stores throughout the United States for the purpose of selling merchandise and Cricket Wireless cell phone service contracts.

77.     On information and belief, Defendants have had annual gross volume of business in excess of $500,000.00 per year for each year at issue in this litigation.

78.     Plaintiffs and the Collective Members that they seek to represent are similarly situated and are subject to the Defendants' uniform unlawful employment practice outlined above.

Plaintiffs will fairly and adequately represent and protect the interests of the members of the collective action.  Attorneys for Plaintiffs are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

79.     Defendants employ many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

80.     Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs.

81.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate.  *See* 29 U.S.C. § 207(a)(1).

82.     Defendants are subject to the wage requirements of the FLSA because each Defendants are an employer under 29 U.S.C. § 203(d).

83.     At all relevant times, Defendants were "employers" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

84.     Defendant is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

85.     During all relevant times, Plaintiffs and the Collective Members were covered

employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

86.     Plaintiffs and the Collective Members are not exempt from the requirements of the FLSA.

87.     Plaintiffs and the Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

88.     Defendants knowingly failed to properly compensate Plaintiffs and the Collective Members at their correct overtime rate for all hours worked in excess of forty (40) hours in a workweek by failing to include commissions in calculating their regular hourly rate, in violation of 29 U.S.C. § 207(a)(1), and 29 C.F.R. § 778.117.

89.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

90.     Pursuant to 29 U.S.C. § 216(b), Defendants intentionally failed to pay Plaintiffs and the Collective Members wages in conformance with the FLSA and are therefore liable for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief on behalf of herself and all others similarly situated:

   a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

   b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

   c. Back pay damages (including unpaid overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

d.   Liquidated damages to the fullest extent permitted under the law;

e.   Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

f.   Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all issues herein.

Respectfully submitted,

*/s/ James R. Bullman*
James R. Bullman
Brian F. Blackwell
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
james@blackwell-bullman.com
Brian@blackwell-bullman.com


*/s/ Scott E. Brady*
Scott E. Brady
Philip Bohrer (Texas Bar No. 00792194)
BOHRER BRADY
8712 Jefferson Hwy., Ste. B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
scott@bohrerbrady.com
phil@bohrerbrady.com