# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **PENNY ALVAREZ, MICHAEL COLLAZO, DEVIN HARRIS, GINA WRIGHT and TONY BROWN, individually and on behalf of all persons similarly situated,** | : : : : : | **Civil Action No.: 4:21-cv-02058** |
| | : | **Collective and Class Action** |
| **Plaintiffs,** | : : | **Jury Trial Demanded** |
| | : | |
| **v.** | : | |
| | : | |
| **MFK, LLC d.b.a. MOBILELINK, MOBILELINK, LLC, MOBILELINK VIRGINIA, LLC, MOBILELINK TENNESSEE, LLC, MOBILELINK WEST VIRGINIA, LLC, MOBILELINK ARKANSAS, LLC and MOBILELINK PITTSBURGH, LLC,** | : : : : : : : : : | |
| | : | |
| **Defendants.** | : | |

## <ins>FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT</ins>

Plaintiffs, Penny Alvarez, Michael Collazo, Devin Harris, Gina Wright and Tony Brown ("Plaintiffs"), through their undersigned counsel, individually, and on behalf of all persons similarly situated, file this Collective and Class Action Complaint ("Complaint") against Defendants MFK, LLC d.b.a. Mobilelink, Mobilelink, LLC, Mobilelink Virginia, LLC, Mobilelink Tennessee, LLC, Mobilelink West Virginia, LLC, Mobilelink Arkansas, LLC and Mobilelink Pittsburg, LLC, seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA")  the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq* ("PWPCL"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").  MFK, LLC d.b.a. Mobilelink, and Mobilelink, LLC are collectively referred to herein as "Mobilelink USA."

Mobilelink Virginia, LLC, Mobilelink Tennessee, LLC, Mobilelink West Virginia, LLC, Mobilelink Pittsburg, LLC and Mobilelink Arkansas, LLC, together with other retail stores owned, operated or controlled by Mobilelink USA, are collectively referred to as "Mobilelink Retailers." All Defendants are collectively referred to as "Mobilelink" or "Defendants."

Plaintiffs assert their FLSA claims as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b). Additionally, Plaintiff Tony Brown, as class representative of the Arkansas AMWA class, asserts claims under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and Plaintiff, Gina Wright, as class representative of the Pennsylvania PMWA and PWPCL class, asserts claims under the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §333.101 *et seq.* and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, for which they seek class certification under Rule 23(a) and 23(b). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

## **INTRODUCTION**

1.     Mobilelink USA operates over 550 retail store locations across the United States, including Texas. http://mobilelinkusa.com.

2.     Mobilelink USA is the largest authorized Cricket Wireless retailer in the country. http://mobilelinkusa.com.

3.     Mobilelink USA has utilized a network of local retailers, such as Mobilelink Virginia, LLC, Mobilelink Tennessee, LLC, Mobilelink West Virginia, LLC, Mobilelink Pittsburg, LLC and Mobilelink Arkansas, LLC, to expand its operations across the United States. However, Mobilelink USA maintains supervision, control and authority over the Mobilelink Retailers, including creating and implementing the payroll scheme at issue herein.

4.    Defendants failed to properly calculate and pay their hourly Solution Specialists, Retail Assistant Store Managers ("RASM"), Managers in Training, and Retail Store Managers ("RSM") overtime wages. Solution Specialists, Retail Assistant Store Managers, Managers in Training, and Retail Store Managers are collectively referred to herein as "Sales Personnel" and/or "Collective Members" and "Class Members."   Specifically, Defendants failed to include commissions in the calculation the employees' regular hourly rates for overtime pay.

## JURISDICTION AND VENUE

5.    Plaintiffs' FLSA claims arise under 29 U.S.C. § 216(b) which vests the Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  Defendants all reside and conduct business in this District and Division, and a substantial part of the events giving rise to Plaintiffs' and the Collective and Class Members' claims occurred within this District and Division.

7.    This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 as the state and federal claims asserted herein derive from a common nucleus of operative facts, as shown below.

## PARTIES

8.    Plaintiff Penny Alvarez ("Plaintiff Alvarez") is a citizen of Tennessee and resides in Memphis, Tennessee.  Plaintiff Alvarez worked for Mobilelink USA and Mobilelink Tennessee, LLC in Tennessee from approximately 2019 to 2021.  Plaintiff Alvarez was Retail Store Manager. For a period of time, Plaintiff Alvarez was paid an hourly rate plus commissions at all pertinent times.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Alvarez has consented to be a plaintiff in this action. *See* Ex. A.

9.      Plaintiff Devin Harris ("Plaintiff Harris") is a citizen of Texas and resides in Texarkana, Texas.  Plaintiff Alvarez worked for Mobilelink USA and Mobilelink West Virginia, LLC from approximately 2018 to April, 2021.  Plaintiff Harris started as a Solution Specialist and was eventually promoted to Retail Assistant Store Manager and then Retail Store Manager.  He was paid an hourly rate plus commissions at all pertinent times.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Harris has consented to be a plaintiff in this action. *See* Ex. B.

10.     Plaintiff Michael Collazo ("Plaintiff Collazo") is a citizen of Virginia and resides in Stephens City, Virginia.  Plaintiff worked for Mobilelink USA and Mobilelink Virginia, LLC from approximately 2018 to 2020 as a Retail Store Manager.  He was paid an hourly rate plus commissions.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Collazo has consented to be a plaintiff in this action. *See* Ex. C.

11.     Plaintiff Tony Brown ("Plaintiff Brown") is a citizen of Arkansas and resides in Little Rock, Arkansas.  Plaintiff worked for Mobilelink USA and Mobilelink Arkansas, LLC from approximately 2016 to late 2018 as a Solution Specialist.  He was paid an hourly rate plus commissions.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Brown has consented to be a plaintiff in this action. *See* Ex. D.

12.     Plaintiff Gina Wright ("Plaintiff Wright") is a citizen of Pennsylvania and resides in Pittsburg, Pennsylvania. Plaintiff worked for Mobilelink USA and Mobilelink Pittsburg, LLC from approximately 2017 to July 2020 as a Solution Specialist.  She was paid an hourly rate plus commissions.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Wright has consented to be a plaintiff in this action. *See* Ex. E.

13.     Defendant MFK, LLC is a Texas limited liability company and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant MFK, LLC

operates over 550 retail establishments across the United States including Texas, West Virginia, Tennessee, Virginia and Arkansas such as Mobilelink Tennessee, LLC, Mobilelink West Virginia LLC, Mobilelink Virginia, LLC, Mobilelink Pittsburg LLC and Mobilelink Arkansas, LLC. Defendant MFK, LLC conducts business as Mobilelink.  Defendant MFK, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

14.    Defendant Mobilelink, LLC is an Illinois limited liability company and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink, LLC operates over 550 local retail establishments across the United States including Texas, West Virginia, Tennessee, Virginia and Arkansas such as Mobilelink Tennessee, LLC, Mobilelink West Virginia LLC, Mobilelink Virginia, LLC, Mobilelink Pittsburg, LLC and Mobilelink Arkansas, LLC.  Defendant Mobilelink, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 901 S. 2nd Street, Suite 201, Springfield, Illinois 62704.

15.    Defendant Mobilelink Tennessee, LLC is a Tennessee limited liability company, and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink Tennessee, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 1585 Mallory Lane, Suite 104, Brentwood, Tennessee 37027.

16.    Defendant Mobilelink West Virginia, LLC is a West Virginia limited liability company, and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink West Virginia, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 5098 Washington Street West, Suite 407, Charleston, West Virginia 25313.

17.    Defendant Mobilelink Virginia, LLC is a Virginia limited liability company, and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink Virginia, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 7288 Hanover Green Drive, Mechanicsville, Virginia 23111.

18.    Defendant Mobilelink Arkansas, LLC is an Arkansas limited liability company and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink Arkansas, LLC can be served through its registered agent for service of process, Registered Agents Inc., 701 South St., Ste 100, Mountain Home, AR 72653.

19.    Defendant Mobilelink Pittsburg, LLC is a Pennsylvania limited liability company and is headquartered at Mobilelink USA's corporate office at 12501 Reed Road, Sugarland, Texas. Defendant Mobilelink Pittsburg, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 3773 Howard Hughes Parkway, Suite 500S, Las Vegas, NV 89169.

20.    During all times relevant, Defendants acted as joint employers with respect to the hourly Sales Personnel.

21.    Plaintiffs and the Collective and Class Members were hired by the Defendants as Sales Personnel to perform sales and other related duties.

22.    The unlawful acts alleged in this Complaint were committed by Defendants and/or their officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of Defendants.

23.    During all times relevant, Plaintiffs were employees of Defendants and are covered by the FLSA.

24.     During all times relevant, Defendants are employers and/or enterprises covered by the FLSA.

## **COLLECTIVE AND CLASS DEFINITIONS**

25.     Plaintiffs bring this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and the following FLSA Collective:

> All current and former hourly Solution Specialists, Retail Assistant Store Managers, Managers in Training, and Retail Store Managers employed by Mobilelink in the United States, who worked in excess of forty (40) hours in a workweek within the last three (3) years, and whose commissions were not included in calculating their regular hourly rate for purposes of overtime pay.

26.     Plaintiff Brown additionally brings this lawsuit pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedures, as a class action on behalf of himself and the following Arkansas Class for claims under the AMWA:

> All current and former hourly Solution Specialists, Retail Assistant Store Managers, Managers in Training, and Retail Store Managers employed by Mobilelink in Arkansas, who worked in excess of forty (40) hours in a workweek within the last three (3) years, and whose commissions were not included in calculating their regular hourly rate for purposes of overtime pay.

27.     Plaintiff Wright additionally brings this lawsuit pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedures, as a class action on behalf of herself and the following Pennsylvania Class for claims under the PMWA and/or the PWPCL:

> All current and former hourly Solution Specialists, Retail Assistant Store Managers, Managers in Training, and Retail Store Managers employed by Mobilelink in Pennsylvania, who worked in excess of forty (40) hours in a workweek within the last three (3) years, and whose commissions were not included in calculating their regular hourly rate for purposes of overtime pay.

28.     Plaintiffs reserve the right to redefine the Collective and/or Class definitions prior to notice or class certification as may be warranted or necessary.

## FACTS

### Defendants Are Joint Employers

29.     Mobilelink USA was originally founded in Houston, Texas by Furqan Ken Khan, Salmen Khan and Yousuf Meghani.  https://mobilelinkusa.com/.

30.     Mobilelink USA operates nationwide and is the country's largest Cricket Wireless authorized-dealer, operating over 550 stores across the United States. https://mobilelinkusa.com/.

31.     Mobilelink USA created various entities, such as the Mobilelink Retailers, to operate local retail stores which generally employ Sales Personnel.

32.     Defendant Mobilelink USA, and its local and regional retail stores, are in the business of selling Cricket Wireless cellular devices and service plans across the United States.

33.     Defendant Mobilelink USA provides its local and regional retail stores, including the Mobilelink Retailers, with Mobilelink-branded and/or Mobilelink USA-branded materials, including uniforms, badges, scanning devices, point-of-sales equipment, signage, software, and other services.

34.     Mobilelink USA relies on its local and regional retail stores, such as the Mobilelink Retailers, for the essential services of selling wireless devices and service plans for Cricket Wireless, yet Mobilelink USA attempts to shield itself from liability by utilizing thinly capitalized companies, such as the Mobilelink Retailers, to provide the employees to sell the goods.

35.     The Mobilelink Retailers operate pursuant to Mobilelink USA's corporate policies and procedures, including the payroll policies and structure for Sales Personnel.

36.     Mobilelink USA and the Mobilelink Retailers are headquartered at a common location at 12501 Reed Road, Sugarland, Texas 77478.

37.     Sales Personnel who are/were directly employed by Mobilelink Retailers are engaged to fulfill Mobilelink USA's nationwide corporate purpose of selling Cricket Wireless cellular devices and plans.

38.     The Mobilelink Retailers' association with Mobilelink USA, and the employ of Sales Personnel by Mobilelink Retailers, are the very reason why Mobilelink USA proclaims it is "the largest authorized retailer for Cricket Wireless."  https://mobilelinkusa.com/.

39.     Mobilelink USA and the Mobilelink Retailers, such as Mobilelink Virginia, LLC, Mobilelink Tennessee, LLC, Mobilelink West Virginia, LLC, Mobilelink Pittsburg, LLC and Mobilelink Arkansas, LLC, utilize Sales Personnel, such as Plaintiffs, to meet Mobilelink USA's nationwide retail needs.

40.     At all relevant times, Mobilelink USA has been affiliated with, and/or operating the Mobilelink Retailers, with respect to Plaintiffs and other similarly situated employees such that Mobilelink USA and the Mobilelink Retailers, are the "joint employers" of Plaintiffs and other similarly situated employees.

41.     The Mobilelink Retailers are given access to and are required to use Mobilelink USA's technology and retail structure.

42.     While the Mobilelink Retailers pay the Sales Personnel, Mobilelink USA has both influence and control over how Sales Personnel are paid.

43.     Mobilelink USA supervises and controls the work activities, work schedules, conditions and management of Sales Personnel, such as Plaintiffs.

44.     Sales Personnel are required to undergo on-the-job training in order to ensure that they adhere and conform to Mobilelink USA's standards and policies.

45.     On information and belief, Mobilelink USA direct employees have the authority to discipline Sales Personnel for violations of their policies and procedures.

46.     If a Solution Specialist, Retail Assistant Store Manager, Manager in Training, and Retail Store Manager fails to meet Mobilelink USA's expectations, they can be terminated by both Mobilelink USA and Mobilelink Retailer personnel.

47.     Although Mobilelink USA does not directly pay Sales Personnel, its policies and practices regarding retail sales goals and commissions and other pay structures dictated the Mobilelink Retailers' ability to pay the Sales Personnel for overtime work.

48.     Sales Personnel are/were required to use Mobilelink USA provided sales material and retail sales equipment.  The retail sales equipment allowed Mobilelink USA to track sales by Sales Personnel.

49.     Mobilelink USA controls what and how retail merchandise is presented to customers.

50.     Throughout their employment with Defendants, Sales Personnel were required to comply with Mobilelink USA's operational procedures and in meeting Mobilelink USA's work expectations.

51.     The nature of the work performed by Sales Personnel is similar and standardized at each of the retail locations where the Mobilelink Retailers conduct sales of cellular devices and plans, as the nature of the work is centrally controlled and directed by both Mobilelink Retailers and Mobilelink USA.

52.     Plaintiffs and other Sales Personnel were required to use Mobilelink USA's log-in credentials which tracked and calculated sales and other retail activity, which ultimately, dictated the commissions earned by Sales Personnel.

53.    Plaintiffs and other Sales Personnel are provided with and must follow Mobilelink USA's Team Handbook which contains comprehensive workplace policies and procedures, payroll and time policies, employment classifications, attendance and leave policies, work performance guidelines, disciplinary process, health and safety, employee benefits and termination procedures, all of which are maintained and implemented by Mobilelink USA.

54.    Defendants jointly created, implemented, maintained and enforced the payroll practice sued upon herein of failing to include Sales Personnel's commissions in the calculation the employees' regular hourly rates for purposes of overtime pay.

55.    Plaintiffs and the Collective and Class Members were regularly scheduled to work more than forty (40) hours in a workweek.

56.    Mobilelink USA and the Mobilelink Retailers maintain Plaintiffs' and the Collective and Class Members' employment records.

57.    Mobilelink USA sets the hourly rates for Plaintiffs and the Collective and Class Members, and sets the criteria for commissions.

58.    Defendants were all aware that Plaintiffs and the Collective and Class Members routinely worked more than forty (40) hours a week through Mobilelink USA software that tracked Sales Personnel's hours of work and by use of a third-party payroll provider that was used by all Defendants.

59.    Plaintiffs observed that other Sales Personnel routinely worked similar hours.

60.    Plaintiffs observed other Sales Personnel work similar schedules and performed similar duties.  Defendants were not only aware of and permitted this practice, but the work schedules and conditions imposed by Defendants effectively required this practice.

61.     Plaintiffs and other Sales Personnel or couriers are non-exempt for overtime purposes.

## Defendants Failed to Pay Sales Personnel Properly

62.     Plaintiffs and the Collective and Class Members regularly worked more than forty (40) hours per week.

63.     Plaintiffs and the Collective and Class Members were hired by Defendants as Sales Personnel to perform sales and other related duties inside Defendants' retail stores.

64.     Plaintiffs and the Collective and Class Members were paid on an hourly basis at an hourly rate and also received a percentage of their sales as a commission. The commission rates were predetermined based upon a tiered percentage of sales. The commission wages at issue in this litigation were non-discretionary on the part of Defendants.

65.     Plaintiffs and the Collective and Class Members were non-exempt employees of Defendants. The FLSA, PMWA, PWPCL and AMWA require that Plaintiffs and Collective and Class Members be paid overtime for all hours worked in excess of forty (40) hours per week at a rate of one and one-half times their regular rate of pay.  Moreover, the FLSA, PMWA, PWPCL and AMWA require Defendants to pay Plaintiffs and the Collective and Class Members at one and one-half times their regular rate of wage, which must include all commissions earned during a workweek.

66.     Defendants failed to include Plaintiffs' and the Collective and Class Members' commissions earned during the workweek in calculating regular rates of pay and overtime pay.

67.     Defendant tracked Plaintiffs' and the Collective and Class Members' commissions earned but failed to include the earnings in the calculation of regular rates of pay in violation of 29 C.F.R. § 778.117, and the PMWA, PWPCL and AMWA.

68.     Defendants' illegal pay scheme was a nationwide payroll practice, implemented and executed by Mobilelink USA.

**Defendants' Actions Were Willful**

69.     Defendants' actions in violation of the FLSA, PMWA, PWPCL and AMWA were or are made willfully in an effort to avoid liability under the FLSA, PMWA, PWPCL and AMWA.

70.     Even though the FLSA, PMWA, PWPCL and AMWA require inclusion of all commissions in the calculation of an employee's regular rate of pay for overtime purposes, Defendants failed to include the commission earnings.

71.     Defendants knew or, absent their own recklessness, should have known, that Sales Personnel were entitled to overtime pay based on a regular rate of pay that included commissions.

72.     Defendants have failed to pay Plaintiffs and the Collective and Class Members all overtime compensation owed because of Defendants' systemic corporate pay structure.

73.     By failing to pay all the overtime compensation owed to Plaintiffs and the Collective and Class Members, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions and the PMWA, PWPCL and AMWA.

74.     Defendants have not made good faith efforts to comply with the FLSA, PMWA, PWPCL or AMWA.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

75.     Plaintiffs re-allege and incorporate by reference the allegations in all preceding paragraphs.

76.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

77.     Plaintiffs seek to pursue their FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

78.     Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), for purposes of notice because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid for all overtime wages owed.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

79.     Whether Defendants are joint employers and whether Defendants' failure to include commissions in Plaintiffs' and the Collective Members' regular rate when calculating overtime pay in accordance with Defendants' uniform company payroll policy are threshold legal issues which can be determined for Plaintiffs and the Collective Members using representative testimony in a collective action.

80.     Defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

81.     There are questions of fact and law common to the collective, including whether Defendants are joint employers under the FLSA and whether Defendants failed to pay legally required overtime wages as required by the FLSA to individuals employed as sales personnel.

82.     At all times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). Additionally, Plaintiffs and those similarly situated were engaged in interstate commerce during their employment with Defendants.  Plaintiffs

and those similarly situated regularly and customarily used computer systems, point-of-sale equipment, and other equipment that were produced in interstate commerce. Additionally, Plaintiffs and those similarly situated regularly sold cell phones and other related merchandise that was produced in interstate commerce.

83.    On information and belief, Mobilelink USA operates hundreds of retail stores throughout the United States for the purpose of selling merchandise and Cricket Wireless cell phone service contracts.

84.    On information and belief, Defendants have had annual gross volume of business in excess of $500,000.00 per year for each year at issue in this litigation.

85.    Plaintiffs and the Collective Members are similarly situated and were subject to the Defendants' uniform unlawful employment practice outlined above.  Plaintiffs will fairly and adequately represent and protect the interests of the members of the collective action.  Attorneys for Plaintiffs are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

86.    Defendants employ many Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT ONE - VIOLATION OF THE FAIR LABOR STANDARDS ACT

87.    Plaintiffs re-allege and incorporate by reference the allegations in all preceding paragraphs.

88.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate.  *See* 29 U.S.C. § 207(a)(1).

89.     Defendants are subject to the wage requirements of the FLSA because each Defendant is an employer under 29 U.S.C. § 203(d).

90.     At all relevant times, Defendants were "employers" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

91.     Defendants are an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

92.     During all relevant times, Plaintiffs and the Collective Members were covered employees entitled to the above-described FLSA protections.  *See* 29 U.S.C. § 203(e).

93.     Plaintiffs and the Collective Members are not exempt from the requirements of the FLSA.

94.     Plaintiffs and the Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

95.     Defendants knowingly failed to properly compensate Plaintiffs and the Collective Members at their correct overtime rate for all hours worked in excess of forty (40) hours in a workweek by failing to include commissions in calculating their regular hourly rate, in violation of 29 U.S.C. § 207(a)(1), and 29 C.F.R. § 778.117.

96.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

97.    Pursuant to 29 U.S.C. § 216(b), Defendants intentionally failed to pay Plaintiffs and the Collective Members wages in conformance with the FLSA and are therefore liable for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT TWO – VIOLATION OF THE ARKANSAS MINIMUM WAGE ACT

98.    Plaintiff Brown re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99.    Plaintiff Brown, individually and on behalf of the members of the Arkansas Class, asserts this claim for damages pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

100.    At all relevant times, Defendants Mobilelink USA and Mobilelink Arkansas, LLC have been "employers" of Plaintiff Brown and the Arkansas Class Members within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

101.    Defendants Mobilelink USA and Mobilelink Arkansas, LLC, required Plaintiff Brown and the Arkansas Class Members to work in excess of forty (40) hours in a workweek but failed to pay them overtime compensation for the hours in excess for forty (40) worked each week.

102.    Defendants Mobilelink USA and Mobilelink Arkansas, LLC deprived Plaintiff Brown and the Arkansas Class Members of overtime compensation for all of the hours worked over forty (40) per week, in violation of the AMWA.

103.    By reason of the unlawful acts alleged herein, Defendants Mobilelink USA and Mobilelink Arkansas, LLC are liable to Plaintiff Brown and the Arkansas Class Members for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## ARKANSAS AMWA CLASS ALLEGATIONS

104.    The Arkansas Class Members identified above are so numerous that joinder of all members is impractical.

105.    Although the precise number of Arkansas Class Members is not currently known to Plaintiff Brown, the facts on which the determination of that number can be made are within the control of Defendants Mobilelink USA and Mobilelink Arkansas, LLC.

106.    Upon information and belief, the size of the Arkansas Class numbers more than forty (40) persons.

107.    The Arkansas Class is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Arkansas Class Members that predominate over any questions solely affecting individual Arkansas Class Members, including but not limited to:

a.    whether the AMWA requires Mobilelink USA and Mobilelink Arkansas, LLC to include commissions in Arkansas Class Members' regular rate of pay when calculating overtime pay;

b.    whether Mobilelink USA and Mobilelink Arkansas, LLC failed to timely pay the Arkansas Class Members their correct overtime wages;

c.    whether Mobilelink USA and Mobilelink Arkansas, LLC are joint employers under the AMWA;

d.    whether Mobilelink USA and Mobilelink Arkansas, LLC correctly calculated and compensated the Arkansas Class Members for hours worked in excess of forty (40) per workweek; and

e.  whether Defendants knew or should have known that Mobilelink USA and Mobilelink Arkansas, LLC failure to include commissions in calculating the Arkansas Class Members regular and overtime rate was a willful and/or knowing violation of the AMWA.

108.   The claims of Plaintiff Brown, the Arkansas Class Representative, are typical of the claims of the Arkansas Class Members he seeks to represent.   The Arkansas Class Representative and the Arkansas Class Members have all been subjected to Defendants' policy and pattern or practice of failing to pay overtime wages in the correct amount for hours worked in excess of forty (40) hours per workweek.

109.   The Arkansas Class Representative will fairly and adequately represent and protect the interests of the Arkansas Class Members.

a.  The Arkansas Class Representative understands that, as class representative, he assumes a fiduciary responsibility to the Arkansas Class Members to represent their interests fairly and adequately.

b.  The Arkansas Class Representative recognizes that as class representative, he must represent and consider the interests of the Arkansas Class Members just as he would represent and consider his own interests.

c.  The Arkansas Class Representative understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Arkansas Class Members.

d.  The Arkansas Class Representative recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Arkansas Class Members.

e.   The Arkansas Class Representative understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

110.   The Arkansas Class Representative has retained counsel competent and experienced in complex class action employment litigation.

111.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where joinder of individual class members is impractical and they likely lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

112.   The Arkansas Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of each class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices and the common issues presented herein.

## COUNT THREE- VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT AND/OR THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

113.   Plaintiff Wright re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114.     Plaintiff Wright and the Pennsylvania Class Members were or are employees of Defendants Mobilelink USA and Mobilelink Pittsburg, LLC within the meaning of the PMWA and PWPCL.

115.     Defendants Mobilelink USA and Mobilelink Pittsburg, LLC were employers of Plaintiff Wright and the Pennsylvania Class Members within the meaning of the PMWA and PWPCL.

116.     The PMWA and PWPCL require employers to timely pay their employees for hours worked in excess of forty (40) in a workweek at a rate no less than one and one-half times their regular rate of pay.

117.     Defendants' policy of excluding commissions from employees' regular rate of pay when calculating overtime owed resulted in payment to Plaintiff Wright and the Pennsylvania Class of overtime at a rate less than required by the PMWA and PWPCL. The foregoing conduct constitutes a willful violation of the PMWA and PWPCL within the meaning of the PMWA and PWPCL.

### PENNSYLVANIA PMWA AND PWPCL CLASS ALLEGATONS

118.     The Pennsylvania Class Members identified above are so numerous that joinder of all members is impractical.

119.     Although the precise number of Pennsylvania Class Members is not currently known to Plaintiff Wright, the facts on which the determination of that number can be made are within the control of Mobilelink USA and Mobilelink Pittsburg, LLC.

120.     Upon information and belief, the size of the Pennsylvania Class numbers more than forty (40) persons.

121.    The Pennsylvania Class is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Pennsylvania Class Members that predominate over any questions solely affecting individual Pennsylvania Class Members, including but not limited to:

a.  whether the PMWA and/or PWPCL requires Mobilelink USA and Mobilelink Pittsburg, LLC to include commissions in Pennsylvania Class Members' regular rate of pay when calculating overtime pay;

b.  whether Mobilelink USA and Mobilelink Pittsburg, LLC failed to timely pay the Pennsylvania Class Members their correct overtime wages;

c.  whether Mobilelink USA and Mobilelink Pittsburg, LLC are joint employers under the PMWA and/or PWPCL;

d.  whether Mobilelink USA and Mobilelink Pittsburg, LLC correctly calculated and compensated the Pennsylvania Class Members for hours worked in excess of forty (40) per workweek; and

e.  whether Mobilelink USA and Mobilelink Pittsburg, LLC knew or should have known that their failure to include commissions in calculating the Pennsylvania Class Members regular and overtime rate was a willful and/or knowing violation of the PMWA and/or PWPCL.

122.    The claims of Plaintiff Wright, the Pennsylvania Class Representative, are typical of the claims of the Pennsylvania Class Members she seeks to represent.  The Pennsylvania Class Representative and the Pennsylvania Class Members have all been subjected to Defendants' policy and pattern or practice of failing to pay overtime wages in the correct amount for hours worked in excess of forty (40) hours per workweek.

123.    The Pennsylvania Class Representative will fairly and adequately represent and protect the interests of the Pennsylvania Class Members.

    a.    The Pennsylvania Class Representative understands that, as class representative, she assumes a fiduciary responsibility to the Pennsylvania Class Members to represent their interests fairly and adequately.

    b.    The Pennsylvania Class Representative recognizes that as class representative, she must represent and consider the interests of the Pennsylvania Class Members just as she would represent and consider her own interests.

    c.    The Pennsylvania Class Representative understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Pennsylvania Class Members.

    d.    The Pennsylvania Class Representative recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Pennsylvania Class Members.

    e.    The Pennsylvania Class Representative understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

124.    The Pennsylvania Class Representative has retained counsel competent and experienced in complex class action employment litigation.

125.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where joinder of individual class members is impractical and they likely lack the financial

resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

126.    The Pennsylvania Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of each class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices and the common issues presented herein

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs, individually, and on behalf of the FLSA Collective Members, pray for judgment Defendants as follows:

      a.    An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

      b.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

      c.    Back pay damages (including unpaid overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

      d.    Liquidated damages to the fullest extent permitted under the law;

      e.    Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

      f.    Such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff Brown, individually, and on behalf of the Arkansas Class Members, further prays for judgment against Defendants, Mobilelink USA and Mobilelink Arkansas, LLC as follows:

a.     For an Order certifying this action as a class action pursuant to Rule 23(a) and Rule 23(b) for claims under the AMWA and designating Plaintiff Brown as class representative and undersigned as class counsel on behalf of all those similarly situated;

b.     For Judgement finding Defendants liable for unpaid overtime wages due to Plaintiff Brown and the Arkansas Class Members and for liquidated damages equal in amount to the unpaid compensation under the AMWA;

c.     For an award of costs of this action as provided under the AMWA;

d.     For an award of attorneys' fees as provided under the AMWA;

e.     For an award of pre- and post-judgment interest; and

f.     For any and all other and further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff Wright, individually, and on behalf of the Pennsylvania Class Members, further prays for judgment against Defendants, Mobilelink USA and Mobilelink Pittsburg, LLC as follows:

a.     For an Order certifying this action as a class action pursuant to Rule 23(a) and Rule 23(b) for claims under the PMWA and PWPCL and designating Plaintiff Wright as class representative and undersigned as class counsel on behalf of all those similarly situated;

b.     For Judgement finding Defendants liable for unpaid overtime wages due to Plaintiff Wright and the Pennsylvania Class Members and for liquidated damages equal in amount to the unpaid compensation and/or penalties under the PMWA and/or PWPCL;

c.     For an award of costs of this action as provided under the PMWA and/or PWPCL;

d.     For an award of attorneys' fees as provided under the PMWA and/or PWPCL;

e.     For an award of pre- and post-judgment interest; and

f.     For any and all other and further relief as may be necessary and appropriate.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by jury on all issues herein.

Respectfully submitted,

/s/ James R. Bullman
James R. Bullman
Brian F. Blackwell
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
james@blackwell-bullman.com
Brian@blackwell-bullman.com


/s/ Scott E. Brady
Scott E. Brady
Philip Bohrer (Texas Bar No. 00792194)
BOHRER BRADY
8712 Jefferson Hwy., Ste. B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
scott@bohrerbrady.com
phil@bohrerbrady.com