**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PENNY ALVAREZ, MICHAEL COLLAZO, DEVIN HARRIS, GINA WRIGHT and TONY BROWN, individually and on behalf of all persons similarly situated,** | § § § § § § | |
| | § | **CIVIL ACTION NO. 4:21-cv-02058** |
| **Plaintiff,** | § § | |
| | § | **Collective and Class Action** |
| **v.** | § § | **Jury Trial Demanded** |
| | § | |
| **MFK, LLC d.b.a. MOBILELINK, MOBILELINK, LLC, MOBILELINK VIRGINIA, LLC, MOBILELINK TENNESSEE, LLC, MOBILELINK WEST VIRGINIA, LLC, MOBILELINK ARKANSAS, LLC and MOBILELINK PITTSBURGH, LLC,** | § § § § § § § § | |
| **Defendants.** | § | |

**DEFENDANTS' ANSWER AND DEFENSES
TO PLAINTIFFS' FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendants MFK LLC dba Mobilelink, Mobilelink LLC, Mobilelink Virginia LLC, Mobilelink Tennessee LLC, Mobilelink West Virginia LLC, Mobilelink Arkansas LLC and Mobilelink Pittsburgh LLC ("Defendants") file this their Original Answer and Defenses to Plaintiffs' First Amended Collective and Class Action Complaint (Doc. 11) ("Amended Complaint") and states as follows:

**LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all allegations contained in the Amended Complaint that are not specifically admitted to in this Answer.

## NATURE OF THE ACTION

Defendants acknowledge that Plaintiffs purport to bring this action under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL") and the Arkansas Minimum Wage Act ("AMWA") but deny that they have violated any applicable federal or state law, rule or regulation (including without limitation the FLSA, PMWA, PWPCL and AMWA) and deny that Plaintiffs are entitled to any of the relief sought.

Defendants deny that this action should be certified or maintained as a class or collective action under the FLSA, PMWA, PWPCL or AMWA, whether conditionally or otherwise, and deny the remaining factual allegations in Paragraph 2 of the Amended Complaint.

## INTRODUCTION

1.    Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint.

2.    Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint.

3.    Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint.

4.    Defendants deny the allegations set forth in Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5.    Defendants admit that this Court has jurisdiction over Plaintiffs' Amended Complaint. Defendants deny, however, that they violated any law with respect to Plaintiffs.

6.    Defendants admit that venue is proper in this Court but deny the remaining

allegations in Paragraph 6 of the Amended Complaint.

7.    Paragraph 7 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and state that the Court should decline to exercise its discretionary jurisdiction over Plaintiffs' state law claims.

## THE PARTIES

8.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Plaintiff Penny Alvarez is a citizen of Tennessee and resides in Memphis, Tennessee, and that she consented to be a plaintiff in this action. Defendants admit Plaintiff Alvarez was employed by Mobilelink Tennessee LLC in Tennessee from approximately 2019 to 2021 as a retail store manager and that she was paid an hourly rate plus commissions. Defendants deny the remaining allegations set forth in Paragraph 8 of the Amended Complaint.

9.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Plaintiff Devin Harris is a citizen of Texas and resides in Texarkana, Texas, and that he has consented to be a plaintiff in this action. Defendants admit Plaintiff Harris was employed by Mobilelink West Virginia LLC from approximately 2018 to 2021 as a solution specialist, retail assistant store manager and retail store manager, and that he was paid an hourly rate plus commissions. Defendants deny the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Plaintiff Michael Collazo is a citizen of Virginia and resides in Stephens City, Virginia, and that he has consented to be a plaintiff in this action. Defendants admit Plaintiff Collazo was employed by Mobilelink Virginia LLC from approximately 2018 to 2020 as a retail store manager, and that he was paid an hourly rate plus commissions. Defendants deny the

remaining allegations set forth in Paragraph 10 of the Amended Complaint.

11.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Plaintiff Tony Brown is a citizen of Arkansas and resides in Little Rock, Arkansas, and that he has consented to be a plaintiff in this action. Defendants admit Plaintiff Brown was employed by Mobilelink Arkansas LLC from approximately 2016 to 2018 as a solution specialist, and that he was paid an hourly rate plus commissions. Defendants deny the remaining allegations set forth in Paragraph 11 of the Amended Complaint.

12.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Plaintiff Gina Wright is a citizen of Pennsylvania and resides in Pittsburgh, Pennsylvania, and that she has consented to be a plaintiff in this action. Defendants admit Plaintiff Wright was employed by Mobilelink Pittsburg LLC from approximately 2017 to 2020 as a solution specialist, and that she was paid an hourly rate plus commissions. Defendants deny the remaining allegations set forth in Paragraph 12 of the Amended Complaint.

13.     Defendants admit MFK LLC dba Mobilelink is a Texas limited liability company headquartered at 12501 Reed Road, Sugarland, Texas, and has already accepted service of this Amended Complaint. Defendants deny the remaining allegations set forth in Paragraph 13 of the Amended Complaint.

14.     Defendants admit Mobilelink LLC is an Illinois limited liability company headquartered at 12501 Reed Road, Sugarland, Texas, and has already accepted service of this Amended Complaint. Defendants deny the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15.     Defendants admit Mobilelink Tennessee LLC is a Tennessee limited liability company headquartered at 12501 Reed Road, Sugarland, Texas, and has already accepted service

of this Amended Complaint.

16.　　Defendants admit Mobilelink West Virginia LLC is a West Virginia limited liability company headquartered at 12501 Reed Road, Sugarland, Texas, and has already accepted service of this Amended Complaint.

17.　　Defendants admit Mobilelink Virginia LLC is a Virginia limited liability company headquartered at 12501 Reed Road, Sugarland, Texas, and has already accepted service of this Amended Complaint.

18.　　Defendants admit Mobilelink Arkansas LLC is an Arkansas limited liability company headquartered at 12501 Reed Road, Sugarland, Texas, and has already accepted service of this Amended Complaint.

19.　　Defendants admit Mobilelink Pittsburg LLC is a Pennsylvania limited liability company headquartered at 12501 Reed Road, Sugarland, Texas, and has already accepted service of this Amended Complaint.

20.　　Defendants deny the allegations set forth in Paragraph 20 of the Amended Complaint.

21.　　Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

22.　　Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

23.　　Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

24.　　Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

## COLLECTIVE AND CLASS DEFINITIONS

25.     Defendants admit that Plaintiffs purport to bring FLSA claims on their behalf and on behalf of similarly situated employees but deny that collective or class treatment is appropriate. Except as expressly admitted, here, Defendants deny the remaining allegations in Paragraph 25 of the Amended Complaint.

26.     Defendants admit that Plaintiff Brown purports to bring AMWA claims on behalf of himself and on behalf of similarly situated employees but deny that collective or class treatment is appropriate. Except as expressly admitted, here, Defendants deny the remaining allegations in Paragraph 26 of the Amended Complaint.

27.     Defendants admit that Plaintiff Wright purports to bring PMWA and/or PWPCL claims on behalf of herself and on behalf of similarly situated employees but deny that collective or class treatment is appropriate. Except as expressly admitted, here, Defendants deny the remaining allegations in Paragraph 27 of the Amended Complaint.

28.     Paragraph 28 of the Amended Complaint consists of a procedural statement requiring no response from Defendants.

## FACTS

### DEFENDANTS ARE JOINT EMPLOYERS

29.     Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58.    Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59.    Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

60.    Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61.    Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

### DEFENDANTS FAILED TO PAY SALES PERSONNEL PROPERLY

62.    Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

63.    Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

64.    Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

65.    The statements set forth in Paragraph 65 consist of legal conclusions and do not require a response from Defendants.

66.    Defendants deny the allegations in Paragraph 66 of the Amended Complaint.

67.    Defendants deny the allegations in Paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations in Paragraph 68 of the Amended Complaint.

### DEFENDANTS' ACTIONS WERE WILLFUL

69.    Defendants deny the allegations in Paragraph 69 of the Amended Complaint.

70.    Defendants deny the allegations in Paragraph 70 of the Amended Complaint.

71.    Defendants deny the allegations in Paragraph 71 of the Amended Complaint.

72.    Defendants deny the allegations in Paragraph 72 of the Amended Complaint.

73.    Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

74.    Defendants deny the allegations in Paragraph 74 of the Amended Complaint.

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

75.    With regard to the allegations in Paragraph 75 of the Amended Complaint, Defendants incorporate and restate their response to Paragraphs 1 through 74.

76.     Defendants admit that Plaintiffs purport to bring FLSA claims on their behalf and on behalf of similarly situated employees but deny that collective or class treatment is appropriate. Except as expressly admitted here, Defendants deny the remaining allegations in Paragraph 76 of the Amended Complaint.

77.     Defendants are without knowledge to admit or deny the allegation set forth in Paragraph 77 of the Amended Complaint.

78.     The allegations of Paragraph 78 of the Amended Complaint call for legal conclusions requiring no response from Defendants.

79.     The allegations of Paragraph 79 of the Amended Complaint call for legal conclusions requiring no response from Defendants.

80.     Defendants deny the appropriateness or existence of any class or collective, and in all other respects deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     The allegations of Paragraph 81 of the Amended Complaint call for legal conclusions requiring no response from Defendants.

82.     Defendants admit that they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny the remaining allegations in Paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the appropriateness or existence of any class or collective and deny any plaintiff or prospective plaintiff was subjected to any unlawful employment practices by

Defendants. Defendants are without sufficient information on which to admit or deny the remaining allegations in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the appropriateness or existence of any class or collective, and in all other respects denies the allegations contained in Paragraph 86 of the Amended Complaint.

### COUNT ONE – VIOLATION OF THE FAIR LABOR STANDARDS ACT

87.     With regard to the allegations in Paragraph 87 of the Amended Complaint, Defendants incorporate and restate their response to Paragraphs 1 through 86.

88.     The allegations of Paragraph 88 of the Amended Complaint call for legal conclusions requiring no response from Defendants.

89.     The allegations of Paragraph 89 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants admit they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 89.

90.     The allegations of Paragraph 90 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants admit they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 90.

91.     The allegations of Paragraph 91 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required,

Defendants admit they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 91.

92.     The allegations of Paragraph 92 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants admit they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 92.

93.     The allegations of Paragraph 93 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants admit they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 93.

94.     The allegations of Paragraph 94 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants admit they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 94.

95.     The allegations of Paragraph 95 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants admit they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 95.

96.     The allegations of Paragraph 96 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants admit they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 96.

97.     The allegations of Paragraph 97 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants admit they are subject to the FLSA but deny any implied assertions that any unlawful events occurred or that Defendants acted in an unlawful manner. Defendants deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 97.

## COUNT TWO—VIOLATION OF THE ARKANSAS MINIMUM WAGE ACT

98.     With regard to the allegations in Paragraph 98 of the Amended Complaint, Defendants incorporate and restate their response to Paragraphs 1 through 97.

99.     Defendants acknowledge that Plaintiff Brown purports to bring this action under the AMWA but deny any alleged violations of the AMWA.  Defendants also deny that this action

should be certified as a class or collective action, whether conditionally or otherwise, and deny the remaining factual allegations in Paragraph 99 of the Complaint.

100.    The allegations of Paragraph 100 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    The allegations of Paragraph 102 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 102.

103.    The allegations of Paragraph 103 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 103.

## <u>ARKANSAS AMWA CLASS ALLEGATIONS</u>

104.    Defendants deny the appropriateness or existence of any class or collective, and in all other respects deny the allegations contained in Paragraph 104 of the Amended Complaint.

105.    Defendants deny the appropriateness or existence of any class or collective, and in all other respects deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Defendants deny the appropriateness or existence of any class or collective, and in all other respects deny the allegations contained in Paragraph 106 of the Amended Complaint.

107.    The allegations of Paragraph 107 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 107.

108.    The allegations of Paragraph 108 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 108.

109.    The allegations of Paragraph 109 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 109.

110.    The allegations of Paragraph 110 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 110.

111.    The allegations of Paragraph 111 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 111.

112.    The allegations of Paragraph 112 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 112.

## COUNT THREE—VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT AND/OR THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

113.    With regard to the allegations in Paragraph 113 of the Amended Complaint, Defendants incorporate and restate their response to Paragraphs 1 through 112.

114.    The allegations of Paragraph 114 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 114.

115.    The allegations of Paragraph 115 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an

unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 115.

116.    The allegations of Paragraph 116 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 116.

117.    The allegations of Paragraph 117 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 117.

## PENNSYLVANIA PMWA AND PWPCL CLASS ALLEGATIONS

118.    Defendants deny the appropriateness or existence of any class or collective, and in all other respects deny the allegations contained in Paragraph 118 of the Amended Complaint.

119.    Defendants deny the appropriateness or existence of any class or collective, and in all other respects deny the allegations contained in Paragraph 119 of the Amended Complaint.

120.    Defendants deny the appropriateness or existence of any class or collective, and in all other respects deny the allegations contained in Paragraph 120 of the Amended Complaint.

121.    The allegations of Paragraph 121 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 121.

122.    The allegations of Paragraph 122 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 122.

123.    The allegations of Paragraph 123 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 123.

124.    Defendants deny the appropriateness or existence of any class or collective and deny any plaintiff or prospective plaintiff was subjected to any unlawful employment practices by Defendants. Defendants are without sufficient information in which to admit or deny the remaining allegations in Paragraph 124 of the Amended Complaint.

125.    The allegations of Paragraph 125 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 125.

126.    The allegations of Paragraph 126 of the Amended Complaint call for legal conclusions requiring no response from Defendants. To the extent a response is required, Defendants deny any implied assertions that any unlawful events occurred or that they acted in an

unlawful manner, and further deny the appropriateness or existence of any class or collective. Except as expressly admitted here, Defendants deny any remaining allegations in Paragraph 126.

In response to the "Prayer for Relief" contained in Plaintiffs' Amended Complaint, Defendants deny the appropriateness or existence of any class or collective and deny Plaintiffs are entitled to any of the relief sought.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants offer the following defenses and affirmative defenses, each of which is pled in the alternative and to the extent applicable.

1.     Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred in whole or in part by virtue of the exemptions, exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 U.S.C. § 213, and/or any other applicable law or regulation, including, but not limited to, the executive, administrative, professional, outside salesperson, and/or highly compensated employee exemptions.

3.     Subject to proof through discovery, some or all of Plaintiffs' claims are barred by the doctrines of laches, estoppel, offset, recoupment, waiver, unclean hands, and/or other equitable defenses.

4.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

5.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction and payment.

6.      Plaintiffs' allegations fail to satisfy the requirements for certification of claims under the FLSA and thus, this action cannot be maintained as a collective action.

7.      Plaintiffs' claims for damages are barred, in whole or in part, to the extent Plaintiffs seek to recover damages in excess of the types or amount allowed by law.

8.      To the extent any potential Plaintiffs may have signed a release and/or waiver encompassing claims alleged in the Amended Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by such release, waiver or agreement.

9.      To the extent any potential Plaintiffs are subject to a binding alternative dispute resolution agreement, their claims cannot be brought as part of this action.

10.     To the extent any potential Plaintiffs' claims have been or are being litigated as part of a separate class or collective action, their claims are barred.

11.     Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, credits, and/or offsets under the FLSA and/or state law.

12.     Defendants acted in good faith and had reasonable grounds for believing their actions were not in violation of the law, barring Plaintiffs' claims under 29 U.S.C. § 259.

13.     The good faith defense in 29 U.S.C. § 260 bars the Plaintiffs' claims for liquidated damages.

14.     Defendants' conduct was not a willful violation of the FLSA or in reckless disregard of the FLSA.

15.     Defendant had no knowledge of any alleged uncompensated work by any Plaintiffs and/or members of the putative class or collective action as set forth in the Amended Complaint, and did not authorize, require, request, suffer, or permit such activity.

16.     To the extent Plaintiffs and/or members of the putative class or collective action worked for Defendants through temporary staffing agencies, they were not "employees" of Defendants under the FLSA.

17.     To the extent Plaintiffs and/or members of the putative class or collective action worked for Defendants through temporary staffing agencies, Defendants were not their "employer" under the FLSA.

18.     To the extent that the period of time for which Plaintiffs allege to have not been compensated is insubstantial or insignificant, those time periods are "*de minimis*" and are not compensable under the FLSA or any other applicable law or regulation.

19.     Plaintiffs' claims are barred to the extent that Plaintiffs seek damages beyond the applicable FLSA limitations periods.

20.     Plaintiffs cannot meet the requirements for collective treatment pursuant to § 216(b) of the FLSA.

21.     Plaintiffs cannot adequately represent the interests of the putative collective.

22.     Defendants reserve the right to amend or add any additional defenses or affirmative defenses or counterclaims which become known during the course of this action.

23.     This case is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to each of the purported collective action members.

Defendants give notice that they intend to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery in this case. Defendants reserve the right to amend this Answer; to add additional affirmative or other defenses;

to delete or withdraw affirmative or other defenses; and to add such counterclaims as may become necessary after a reasonable opportunity for discovery.

WHEREFORE, PREMISES CONSIDERED, Defendants deny Plaintiffs are entitled to any relief for which they pray or any relief whatsoever. Defendants demand that this Amended Complaint be dismissed with all costs taxed to Plaintiffs. Defendants further seek any other relief, including attorneys' fees where applicable, to which they show themselves to be justly entitled.

Dated:  September 1, 2021                                Respectfully submitted,


By:  /s/ Michael J. DePonte
    Michael J. DePonte, Lead Attorney
    S.D. TX Bar No.: 23026
    Michael.DePonte@jacksonlewis.com
    JACKSON LEWIS P.C.
    500 N. Akard Street, Suite 2500
    Dallas, Texas 75201
    Telephone: (214) 520-2400
    Facsimile: (214) 520-2008

    Juliana C. Gaige
    S.D. TX Bar No.: 658395
    State Bar of Tex. No. 24041011
    Juliana.Gaige@jacksonlewis.com
    717 Texas Avenue, Suite 1700
    Houston, Texas 77002
    Telephone: (713) 650-0404
    Facsimile: (713) 650-0405

**ATTORNEYS FOR DEFENDANTS**


**<u>CERTIFICATE OF SERVICE</u>**

I certify that I filed *Defendants' Answer and Defenses to Plaintiffs' First Amended Collective and Class Action Complaint* in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, on September 1, 2021, and therefore has been served upon all counsel of record in accordance with such e-filing protocols.

By:  /s/ Michael J. DePonte
    Michael J. DePonte